NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CARROL E. HUTCHISON,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2025-1432

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-2456, Judge William S. Greenberg.

---

Decided: July 1, 2026

---

ROBERT C. BROWN, JR., Tommy Klepper & Associates, PLLC, Norman, OK, argued for claimant-appellant.

MEREDYTH COHEN HAVASY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY, BRETT SHUMATE; DEREK SCADDEN, ANDREW

J. STEINBERG, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before DYK and REYNA, *Circuit Judges,* and BISSOON, *Chief District Judge.*[1]

DYK, *Circuit Judge.*

Carrol E. Hutchison appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming a decision of the Board of Veterans' Appeals ("Board"). The Board denied entitlement to service-connected disability benefits for a left knee disorder, a right knee disorder, a right ankle disorder, and a sleep disorder on the ground that Ms. Hutchison had failed to establish her claimed disabilities were caused by an injury incurred or aggravated in line of service.

To establish entitlement to disability compensation, an applicant must first establish that she is a qualifying "veteran" under the statutory framework. *See* 38 U.S.C. §§ 1110, 1131. For this purpose, "[t]he term 'veteran' means a person who served in the active military, naval, air, or space service, and who was discharged or released therefrom under conditions other than dishonorable." 38 U.S.C. § 101(2). The requirements for establishing active service, and hence eligibility for service-connected benefits, are based on the character of the applicant's service (i.e., active-duty service, active-duty-for-training service, or inactive-duty-training service). 38 U.S.C. § 101(24). Ms. Hutchison does not argue that she is a veteran based on her active-duty-for-training or inactive-duty-training

———————————

[1] Honorable Cathy Bissoon, Chief District Judge, United States District Court for the Western District of Pennsylvania, sitting by designation.

service, but that she meets the more lenient standard for active-duty service members.

In denying entitlement, the Board relied on Ms. Hutchison's naval personnel records, which indicated that she had no active-duty service. Ms. Hutchison argues that the Board erred in not considering other evidence that suggests her prior service is properly classified as active duty, including witness testimony.

The Veterans Court properly concluded that the Board did not err in declining to consider this evidence in determining if Ms. Hutchison was in active-duty service because the Board may only consider documentation issued by the relevant service department as evidence to establish a particular service classification. 38 C.F.R. § 3.203(a)(1). We have consistently rejected similar challenges to the Board's requirement for service department records and see nothing in the regulations cited by appellant to warrant a different outcome here. *See Dela Cruz v. Wilkie*, 931 F.3d 1143, 1149 (Fed. Cir. 2019) (citing *Soria v. Brown*, 118 F.3d 747, 749 (Fed. Cir. 1997)). As the government has recognized, Ms. Hutchison may pursue a claim to correct her personnel service records with the proper forum, the Board for Correction of Naval Records (the "Corrections Board"). *See id.* at 1151. As in *Dela Cruz*, we conclude that remand is appropriate and remand to the Veterans Court to hold the case in abeyance pending proceedings at the Corrections Board. *Id.* at 1152.

## AFFIRMED-IN-PART AND REMANDED

### COSTS

No costs.